Dewey, J.
The land of the petitioner having been appropriated to a public use, by an order of the mayor and aider-men directing the widening of Bromffeld street, he is primd facie entitled to compensation. The respondents assumed the burden of showing a valid discharge from such liability ; and, to maintain the issue on their part, set up a certain written communication from the petitioner to the chairman of the committee on streets. This communication was made by a letter of the 27th of April, 1846, and contained a proposal by the petitioner to give, free of charge, so much of his land as might be required to carry into effect the proposed widening of Bromfield street, upon certain conditions stated in the letter; which conditions, the respondents insist, have been performed.
1. To this ground of defence, the petitioner replies, that the communication made by him was a mere proposal, and not a contract. Taking the written communication of the petitioner, as disconnected with the subsequent proceedings on the part of the mayor and aldermen, it would be merely a naked proposal. The same is true of a very large proportion *188 of binding agreements. One party must propose ; the proposal does not bind the other party until accepted; and it may be retracted before it is accepted or acted upon; but when accepted by the party to whom it is made, a contract obligatory on both is formed. This principle and the leading cases bearing upon it are fully stated in Chitty on Contracts, 10. A case very analogous has been decided in this court. Seymour v. Carter, 2 Met. 520. We have no doubt as to the effect of this proposition by the petitioner, in discharging the city of Boston from all liability for damages for taking the land of the petitioner; provided the conditions were complied with, and the offer was accepted in a reasonable time by the mayor and aldermen; and the contract shall not be found to be invalid, by reason of its supposed interference with the proper duty of the mayor and aldermen, in deciding the question of public necessity and convenience.
2. It is said, that the mayor and aldermen did not act seasonably upon the proposition submitted to them by the petitioner, and therefore that he is not bound by it. In reference to this question, it is proper to bear in mind the nature of the matter to be acted upon, the party to whom the proposal was made, the usual course of proceeding in laying out and widening streets, and the delay naturally incident to such subjects. The letter of the petitioner, containing the proposal, was dated April 27th, 1846. Proceedings were then pending before the mayor and aldermen, and were continued until the 17th of May, 1847, before the final order was passed. The proposition of the petitioner required action not only by the mayor and aldermen, but by various other individuals. It necessarily contemplated some lapse of time before the passing of the order; and it was only necessary, that the whole object of widening the streets as proposed should be accomplished before the 1st of August, 1847.
3. It was objected, further, that the city of Boston did not become obligated to perform the conditions on their part, as the terms of the proposal required. It is true, that no bond or other written obligation was given to the petitioner by the respondents, but such could tut have been the expectation of *189 the petitioner. It was enough, that the mayor and aldermen took seasonable measures to secure the actual fulfilment of all the conditions of the proposal, within the period limited by it. They bound themselves by making all necessary and proper orders to carry into effect the proposed widening of the street, and actually accomplished the same. It was not necessary, that the mayor and aldermen should accept the proposal in direct terms, or should directly recite in the order for widening the street, that the moving consideration and foundation of the order was the proposal by the petitioner, to give his land for the same free of all charge to the city of Boston. If it had so appeared upon the face of the record, it would have opened more fully to the petitioner the further ground of objection, to giving effect to his proposal to give his land free of charge; which embraces his next point.
4. It is said, that the stipulation on the part of the petitioner, to give his land without compensation therefor, if made for the purpose of being used before the mayor and aldermen, upon the hearing by them on the question, whether the public necessity and convenience required Bromfield street to be widened, was illegal; as it operated to procure a decision upon grounds not legally open, or proper to have any influence on the question of taking the land of the petitioner and others for a public street; and having been thus illegally used for this purpose, that the proceedings of the mayor and aldermen, in their order for widening Bromfield street, are illegal and void. How such a result, if it could be legally deduced from these facts, would aid the cause of the petitioner, it is difficult to perceive ; as the foundation of his application for damages rests upon the fact, that a legal' order for widening Bromfield street was passed by the mayor and aldermen, and that in pursuance of such order the land of the petitioner has been taken for public use.
If this order is illegal, the petition cannot be supported, inasmuch as the petitioner has not been legally divested of any interest in his land, and may by an action at law restore himself to all his rights thereto. But, leaving this view of the matter, the court are of opinion, that if this ground of objection *190 to the order was open to the petitioner, yet the objection itself cannot be sustained. The ground taken is, that if a bond' of indemnity against the expense of widening a street, or a written promise to relieve the city of Boston in part from the payment of compensation for land taken, is submitted to the znayor azid aldermen, while they have under consideration the questiozi of the public convenience and necessity of laying out or widening a street or way, and such offer of indemnity as to a part or the whole of the expense is taken into consideration, in deciding the question of opening or widening a street, the whole proceeding is thereby vitiated.
This doctrine is supposed to be countenanced by the case of Commonwealth v. Cambridge, 7 Mass. 158, 167. But the question did not properly arise in that case, and the court, in giving their opinion, say, that this objection had no influence upon the decision and final disposition of that case, inasmuch as the objection did not appear upon the record. In the remarks made upon that point, the prominent objection urged against such a bond of indemnity, in reference to the expense of laying out or making a way, was, that by this means the owners of lands might be made to submit to the inconveziience of having their lands taken for public use, really at the motion and for the benefit of individuals, but in the name of the public and under the guise of public convenience and necessity. The evil apprehended in that case does not apply to a case like the present. Indeed, the opinion expressly excepts the case “ where the owner of the land waives all right to damages because the way is beneficial to him.”
The next case cited, that of Commonwealth v. Sawin, 2 Pick. 547, presented the peculiar case of an adjudication, in which it appeared by the record, that the public convenience and necessity did not warrant the laying out of the road at the expense of the towzi, but that Moses Sawin, who would be peculiarly benefited by the establishment of it, had filed a bond to the town, if they would accept the same, to make a certaizi portion of the road, and the court therefore adjudged the road to be required for the public convenience and necessity, and that the same should be laid out and made. But *191 the more recent cases have entirely settled the law upon this point.
In the case of Parks v. Boston, 8 Pick. 218, it was held, that . the taking of such a bond from an individual will not vitiate the proceedings, provided the bond is not made the basis of the adjudication, and the laying out of the way is not color-ably for the use of the public, but really for the benefit of the person giving the bond. The case of Freetown v. Bristol, 9 Pick. 46, is of the like import. The case of Copeland v. Packard, 16 Pick. 217, was an application of the principle of the two preceding cases to a town way.
In the present case, the objection is untenable. None of the evils, to be apprehended from the giving of such bond of indemnity by persons not land-owners on the proposed street, attach to a release of damages by the landowners ; and on the other hand, it would seem quite proper, that the amount to be paid for land damages should be a subject of consideration with the mayor and aldermen, before passing an order for laying out or widening a street.
5. It is objected, that the lines of the street laid out do not correspond with those described in the proposal of the petitioner, and that this matter was a proper subject of inquiry by the jury. We perceive no ground for this objection, or any reason to suppose that such discrepancy exists. But we think that this point is not properly open here; the petitioner not having asked in the court of common pleas, that this question, which was peculiarly one of fact, should be there passed upon by the jury. We do not understand, that the presiding judge intended, by any rulings there, to preclude the petitioner from presenting any evidence he might have upon that point to the jury, but that the rulings were upon matter of law upon the case there presented.
6. It was also contended, at the argument of the case, that the petitioner was entitled to damages for the injury to his adjoining land, from obstructions necessarily occurring during the time in which the street was being fitted for use by the public. This would have been a proper ground of claim for damages, had the case been one where there had been no re *192 linquishment of damages by the petitioner. But we think that the proposal made by him must be taken to embrace this cause of damage. The widening of the street was a proceeding which he desired. To effect it, he proposed to relinquish his land, and he has thereby released all claim for these incidental damages to the adjacent land owned by him.

Petition dismissed.